Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000376
16-MAY-2014
08:29 AM

NO. CAAP-14-0000376

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

EDWARD LARRY, Plaintiff-Appellant, v.
STEVE UYEHARA, Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1RC07-1-001139)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Plaintiff-Appellant Edward Larry's (Appellant Larry) appeal from the Honorable Melanie Mito May's announcement in December 23, 2013 district court minutes that the district court intends to enter a written post-judgment order denying Appellant Larry's November 4, 2013 post-judgment motion pursuant to Rule 60(b) of the District Court Rules of Civil Procedure (DCRCP) to set aside the April 13, 2007 order granting

Defendant-Appellee Steve Uyehara's (Appellee Uyehara) March 22, 2007 motion to dismiss Appellant Larry's complaint, because the district court has not yet reduced its announcement to a written post-judgment order that is filed in the office of the clerk of the district court, as Rule 4(a)(5) of the Hawai'i Rules of Appellate Procedure (HRAP) requires.

Appellant Larry is appealing pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2013).

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. . . . A final order means an order ending the proceeding, leaving nothing further to be accomplished. . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The separate judgment document rule under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994), is

> not applicable to district court cases. Consequently, an order that fully disposes of an action in the district court may be final and appealable without the entry of judgment on a separate document, as long as the appealed order ends the litigation by fully deciding the rights and liabilities of all parties and leaves nothing further to be adjudicated.

Casumpang, 91 Hawai'i at 427, 984 P.2d at 1253 (emphases added). The April 13, 2007 order granting Appellee Uyehara's motion to dismiss Appellant Larry's complaint was an immediately appealable final order under HRS § 641-1(a) and Casumpang, 91 Hawai'i, at 426, 984 P.2d at 125, but no party asserted an appeal from the April 13, 2007 order that would have been timely under HRAP Rule

4(a)(1). Nevertheless, the April 13, 2007 order was, in effect, a "judgment" under DCRCP Rule 54(a), which defines a "judgment" as "any order from which an appeal lies." Therefore, all rulings that the district court might possibly enter after the April 13, 2007 order would be post-judgment orders.

"A post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). Thus, for example, in a civil circuit court case, "[a]n order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)." Id. at 160, 80 P.3d at 981 (citation omitted). Nevertheless, the district court must reduce its adjudication of any post-judgment motion to a written order that the district court files in the office of the clerk of the district court in order to be an appealable post-judgment order.

HRAP Rule 4(a)(5) provides that "[a] judgment or order is entered when it is filed in the office of the clerk of the court." A district court's "oral decision is not an appealable order." KNG Corp. v. Kim, 107 Hawai'i 73, 77, 110 P.3d 397, 401 (2005). Although the court minutes might reflect a trial court's oral announcement of a ruling, "a minute order is not an appealable order." Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (emphasis added). "In civil cases before the district court, the filing of the judgment in the office of the clerk constitutes the entry of

the judgment; and the judgment is not effective before such entry." KNG Corp., 107 Hawai'i at 77, 110 P.3d at 401 (citation, internal quotation marks, and brackets omitted); cf. State v. Bohannon, 102 Hawai'i 228, 236, 74 P.3d 980, 988 (2003) ("Accordingly, we hold that, in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3).").

On March 17, 2014, the district court clerk filed the record on appeal for appellate court case number CAAP-14-0000376, at which time the record on appeal did not contain any written post-judgment order that adjudicates Appellant Larry's November 4, 2013 post-judgment DCRCP Rule 60(b) post-judgment motion to set aside the April 13, 2007 order granting Appellee Uyehara's March 22, 2007 motion to dismiss Appellant Larry's complaint. Absent the entry of an appealable, written post-judgment order in the office of the clerk of the district court that adjudicates Appellant Larry's November 4, 2013 post-judgment DCRCP Rule 60(b) post-judgment motion to set aside the April 13, 2007 order granting Appellee Uyehara's March 22, 2007 motion to dismiss Appellant Larry's complaint, Appellant Larry's appeal is premature and we lack appellate jurisdiction.

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action. Without jurisdiction, a court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal.

Housing Fin. and Dev. Corp. v. Castle, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); Peterson v. Hawaii Electric Light Company, Inc., 85 Hawai'i 322, 326, 944 P.2d 1265, 1269 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999); Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai'i. 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994).

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-14-0000376 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 16, 2014.

Presiding Judge

Associate Judge

Associate Judge